UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IGNACIO BERMUDEZ, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-02714-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Docket No. 23 |

Plaintiff Albert Dytch's mobility is impaired by muscular dystrophy. In April 2017, he visited El Campesino, a Latino eatery in Richmond. He encountered structural barriers while attempting to park his vehicle and use the restroom. He brings claims for damages and injunctive relief against Ignacio Bermudez and Rosa Bermudez, allegedly doing business as sole proprietors under the name El Campesino, under the Americans with Disabilities Act and California's Unruh Act for disability discrimination. A default was entered and Plaintiff now seeks default judgment for $4,000 in statutory damages, $7,186.80 in attorney fees, and an injunction requiring removal of the aforementioned barriers within 6 months.

For the reasons stated below, Plaintiff's request is **DENIED.**

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

A.　Allegations of Disability Discrimination

Due to muscular dystrophy, Plaintiff Dytch is substantially limited in his ability to walk, has limited dexterity, and must use a wheelchair. Compl. ¶ 8. The El Campesino facility is located at 232 23rd Street, in Richmond, California, *id.* ¶ 1, and is owned, operated, or leased by Defendants Ignacio and Rosa Bermudez. *Id.* ¶ 7. The only true defendants are the Bermudez's in

their individual capacity, doing business as El Campesino.[1] Mr. Dytch lives about 15 miles away from El Campesino, but stopped there on April 14, 2017 to have lunch before meeting his accountant. *Id.* ¶ 10. There were no disabled parking stalls in the parking lot, and none of the parking stalls had sufficient space to enable Mr. Dytch to deploy his ramp and unload his wheelchair. *Id.* ¶ 10(a). Instead, he parked on the street curb and used the public sidewalk to reach the entrance. *Id.* At the parking lot entrance, a metal gate track created a wide gap and vertical height change over which it was difficult to maneuver a wheelchair. *Id.* ¶ 10(b).

At El Campesino, Mr. Dytch needed to use the restroom. The women's restroom was marked "accessible" but the men's was not. *Id.* ¶ 10(c). Mr. Dytch attempted to enter the women's restroom but the accessible toilet was out of order. *Id.* He had no choice but to use the men's restroom instead. *Id.* ¶ 10(d). There was a short steep drop at the entrance which caused him to nearly fall out of his wheelchair. *Id.* There was insufficient clear space for him to transfer from his wheelchair to the toilet. *Id.* ¶ 10(e). There was no rear grab bar to use. *Id.* He was ultimately unable to use the restroom and was forced to wait until he reached his accountant's office, causing discomfort. *Id.*

Mr. Dytch was also unable to reach the faucets in the restroom because there was a cabinet underneath the sink preventing him from getting his wheelchair close enough. *Id.* ¶ 10(f). Finally, Mr. Dytch could not open the door to the men's restroom from the inside; the incline at the door's threshold was too steep for him to get himself next to the door to push it open from the inside, and the door stuck and was too heavy to open from a distance. *Id.* ¶ 10(g). He could only open the door briefly and for a few inches at a time, which he had to repeat several times, calling for help "until he became hoarse" and someone finally heard him. *Id.*

Mr. Dytch was deterred from visiting El Campesino because of this experience. *Id.* ¶ 12.

---

[1] "The designation 'dba' or 'doing business as' simply indicates that [an individual] operates his sole proprietorship under a fictitious business name. The designation 'd/b/a/' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name . Doing business under another name does not create an entity distinct from the person doing the business. The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." *Providence Washington Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal.App.4th 1194, 1200 (1996) (citations and quotations omitted).

Mr. Dytch alleges that Defendants have the financial resources to remove these barriers without much difficulty or expense to make El Campesino accessible to the physically disabled, but that they refuse to do so. *Id.* ¶ 13. Mr. Dytch does not allege making a request for such corrective action. Defendants "possess[] and enjoy[] sufficient control and authority to modify the Facility to remove impediments," but have "intentionally maintained [it] in its current condition and have intentionally refrained from altering [it] so that it complies with the accessibility standards." *Id.* ¶ 14. Mr. Dytch also alleges that the barriers are "so obvious as to establish Defendants' discriminatory intent." *Id.* ¶ 15.

B.  Service of Complaint and Entry of Default

The action was filed on May 10, 2017. *See* Docket No. 1. A proof of service of summons was originally filed on May 23, 2017, claiming service upon a "John Doe" at El Campesino. *See* Docket Nos. 6 and 7. The Court denied Plaintiff's first motion for default judgment because the proof of service was deficient under Federal Rule of Civil Procedure 4(e) as it was not made on an "individual dwelling" or to a person with "suitable . . . discretion who resides there." Docket No. 19. Additionally, substituted service under California Code of Civil Procedure § 415.20(b) was inadequate because "the proof of service does not indicate that 'John Doe' was 'apparently in charge' of El Campesino or that he was 'informed of the contents' of the packet." *Id.* Plaintiff was ordered to file an amended proof of service complying with the statutory requirements or to re-serve the complaint with a Spanish copy of the Court's pro-se litigation handbook and a brief cover letter in Spanish explaining that the Defendants are being sued. *Id.*

Plaintiff filed amended proofs of service of summons. *See* Docket Nos. 21 and 22. The amended affidavit states that when the process server attempted service on May 23, 2017, "I was informed the defendant was not in. I informed subject of the nature of the documents and subserved, John Doe (refused name) a coworker and person apparently in charge." *Id.* at 2. The proof of service is not accompanied by any contemporaneous notes or documentation about the May 23, 2017 encounter.

**II.  LEGAL STANDARD**

Proper service of summons is a procedural prerequisite to personal jurisdiction. *See Omni*

*Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A court should deny default judgment if it lacks personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 720 (9th Cir. 1999). If service is proper and default has been entered, a court must consider the *Eitel* factors to determine whether to exercise its discretion to grant default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In so doing, allegations of the complaint are deemed to have been admitted except with respect to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. DISCUSSION

A. <u>Service of Summons/Notice to Defendant</u>

Under California law, an individual may be served either by personal service, *see* Cal. Code Civ. Proc. § 415.10, or, if personal service fails after reasonable diligence, through substituted service by leaving a copy "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . who shall be informed of the contents thereof." *Id.* § 415.20(b).

Plaintiff attempted to locate Defendants three times at El Campesino, their business, but was unsuccessful. *See* Docket Nos. 21 and 22. This number of attempts typically satisfies the requirement of reasonable diligence, permitting recourse to substitute service. *See Board of Trustees of the Leland Stanford Univ. v. Ham*, 216 Cal.App.4th 330, 337 (2013) ("[T]wo or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" (quotation and citation omitted)). Nevertheless, Plaintiff's attempt at substitute service is inadequate here. Rather than re-serve the complaint, Plaintiff filed a revised proof of service from the process server which recites, in a formulaic and conclusory fashion, that John Doe was "apparently in charge." The affidavit lacks factual detail. It does not identify the

particular person served.[2] The revised proof of service is a year after the fact. It is not corroborated by contemporaneous notes or documentation. On this record, the affidavit lacks credibility. Thus, Plaintiff has not made a sufficient showing of valid substituted service. The Court therefore lacks personal jurisdiction over Defendants and may not enter default judgment against them. *See Omni Capital*, 484 U.S. at 104.

B. <u>Analysis of the *Eitel* Factors</u>

Even if service were adequate, the *Eitel* factors overall do not weigh in favor of granting default judgment, as explained below.

Most importantly, Plaintiff's complaint is not sufficiently detailed to establish key elements of his claim. *See*, *e.g.*, *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Plaintiff asserts a cause of action under the Americans with Disabilities Act.[3] Whether failure to comply with accessibility requirements under the ADA is actionable depends on when the building was constructed. For all facilities, including "existing" facilities (as of January 26, 1993), discrimination occurs when there is "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Contrary to Plaintiff's assertion, whether a modification is "readily achievable" is not an affirmative defense, but rather an element of the case-in-chief for which the plaintiff bears the burden.[4] *See*, *e.g.*, *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) (in evaluating a claim

---

[2] Courts are also wary of proofs of service that do not identify on whom service was made because "if no . . . receiving individual is specified on the return of service, a movant [to set aside default judgment] has little or no basis on which to challenge the alleged service of process." *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

[3] Plaintiff also asserts a violation of California's Unruh Act, but it is premised on the ADA violation so they are analyzed together. *See* Cal. Civ. Code § 51(f). Plaintiff's complaint alleges a claim under California Health and Safety Code § 19955(a), a California law requiring public accommodations to guarantee access to physically handicapped persons, but it is not analyzed here because Plaintiff did not move for default judgment on that claim. *See Design Collection, Inc. v. Body Shop of Am., Inc.*, 2014 WL 12616611, at *1 (C.D. Cal. Mar. 19, 2014) (a motion for default judgment should include, inter alia, "the legal authority that sets out the elements of the causes of action upon which plaintiff seeks default judgment").

[4] *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004) is inapposite because it discusses whether a requested modification would "fundamentally alter" the nature of a service or facility, not who bears the burden of showing a modification is "readily achievable."

5

under this provision, "we require a plaintiff to articulate a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits," including in the analysis "as costs or benefits, both monetary and non-monetary considerations"); *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1067 (E.D. Cal. 2006) (a plaintiff must prove not only the existence of a barrier, but also that "the removal of the barrier is readily achievable"); *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1168 (S.D. Cal. 2006) (same).

Plaintiff has not carried that burden. He alleges only that "Defendants have the financial resources to remove these barriers from the Facility without much difficulty or expense, and make the Facility accessible to the physically disabled." Compl. ¶ 13. However, he does not allege, *e.g.*, how feasible the changes are, how much it would cost to make El Campesino accessible, the impact of any required changes on the facility, or other factors relevant to assessing whether the requested changes are "easily accomplishable and able to be carried out without much difficulty or expense." 28 U.S.C. § 12181(9).

Plaintiff's allegations are also insufficient with respect to buildings constructed for first-occupancy 30 months after July 26, 1990, or altered after that date. 42 U.S.C. §§ 12183(a)(1) (requirement that new constructions be "readily accessible to and usable by individuals with disabilities" unless "an entity can demonstrate that it is structurally impracticable to meet the requirements"); *id.* § 12183(a)(2) (requirement that alterations to existing facilities be readily accessible to the maximum extent feasible). Plaintiff makes a conclusory allegation that the El Campesino building was designed and constructed after January 26, 1993, *id.* ¶ 23, but that contradicts county records indicating the building was constructed in 1961 and so is not entitled to a presumption of truth.[5] Plaintiff also alleges that El Campesino has been "altered" after the effective date, Compl. ¶ 26, but he does not allege how; the claim of alteration is conclusory.

Finally, Plaintiff's concession that he does not know whether El Campesino continues to

---

[5] A county record search reveals that the building at 232 23rd St in Richmond, CA was constructed in 1961. *See* https://etrakit.ci.richmond.ca.us/Search/parcel.aspx?activityNo=CRW:515282012. The Court may take judicial notice of this public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); Fed. R. Evid. 201.

1 operate raises questions about whether he faces any threat of future harm to support his request for
2 injunctive relief.

3 In sum, Plaintiff's allegations are insufficient to demonstrate a likelihood of success on the
4 merits, particularly because he does not adequately plead that the requested modifications are
5 "readily achievable."

## IV. CONCLUSION

Plaintiff's motion for default judgment (and thus the request for fees and costs) is **DENIED**. If Plaintiff wishes to pursue his claims, he may file an amended complaint within 60 days. Within 60 days of filing, Plaintiff must serve the amended complaint on Defendants in compliance with Federal Rule of Civil Procedure 4. The service package—whether delivered through personal or substituted service—shall include a Spanish-language cover letter and the Spanish edition of the Court's Pro Se Litigation Handbook, in addition to other materials required by the local rules. Plaintiff is encouraged to attempt service on Defendants' residential address if he can locate it through due diligence.

This order disposes of Docket No. 23.

**IT IS SO ORDERED**.

Dated: May 16, 2018

_____
EDWARD M. CHEN
United States District Judge

7