UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH, | Case No. 17-cv-02714-EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| IGNACIO BERMUDEZ, et al., | Docket No. 34 |
| Defendants. | |

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with Plaintiff's factual allegations, which were recounted in detail in the Court's second order denying Plaintiff's motion for default judgment. *See* Docket No. 31. In short, Plaintiff Albert Dytch attempted to visit El Campesino, a Latino eatery in Richmond allegedly owned by Defendants as sole proprietors. He thereafter alleged violations of the Americans With Disabilities Act (ADA). While there, he encountered numerous obstacles in the parking lot, on the route from the public street to the entrance, and within the facility, especially in the restrooms. The Court denied Plaintiff's first motion for default judgment because the affidavit of service stating that substituted service was made upon a "John Doe" at El Campesino failed to identify whether "John Doe" was "apparently in charge" as required by California Code of Civil Procedure Section 415.20(b). *See* Docket No. 19. Plaintiff was given the option of re-attempting service or filing an adequate affidavit; rather than re-attempt service, Plaintiff filed a new affidavit and moved a second time for default judgment. On review, the Court determined the amended affidavit was not credible because it merely "recites, in a formulaic and conclusory fashion, that John Doe [upon whom service was made] was 'apparently in charge,'" but that it "lack[ed] factual detail," "d[id] not identify the particular person served," and

1    was made "a year after the fact" without any "corroborat[ion] by contemporaneous notes or

2    documentation." *See* Docket No. 19 at 4-5.  Accordingly, the Court found that substituted service

3    was inadequate and, as a result, the Court lacked personal jurisdiction over the Defendants and

4    could not enter default judgment against them.  *Id.* at 5.

5         The Court also determined that, even if service had been adequate, default judgment would

6    not have been warranted.  In particular, Plaintiff's complaint was "not sufficiently detailed to

7    establish key elements of his claim," including whether the modifications requested were "readily

8    achievable," even assuming that the building was an "existing" facility when the ADA was passed.

9    *Id.*  The Court held that "whether a modification is 'readily achievable' is not an affirmative

10   defense, but rather an element of the case-in-chief for which the plaintiff bears the burden."  *Id.*

11   Without allegations about "how feasible the changes are, how much it would cost to make El

12   Campesino accessible, the impact of any required changes on the facility, or other factors,"

13   Plaintiff's complaint was insufficient to warrant a grant of default judgment.  *Id.* at 6.

14        The Court also concluded that Plaintiff's alternative claim under the more stringent

15   requirements for new constructions, built 30 months after July 26, 1990 (*i.e.*, in 1993), did not

16   apply.  Though Plaintiff conclusory alleged that the El Campesino building was designed and

17   constructed after January 26, 1993, the Court cited published county records indicating

18   construction in 1961.  *Id.* at 6.

19        Finally, the Court noted that "Plaintiff's concession that he does not know whether El

20   Campesino continues to operate raises questions about whether he faces any threat of future harm

21   to support his request for injunctive relief."  *Id.* at 6-7.  The Court granted Plaintiff 60 days to file

22   and serve an amended complaint.

23                          **II.     LEGAL STANDARD**

24        The Court **GRANTS** Plaintiff's motion for leave to file a motion for re-consideration in

25   light of the fact that Plaintiff did not have an opportunity to address the grounds for the Court's

26   prior decision, which was decided on the papers, and in light of additional authorities cited by

27   Plaintiff that were not previously before the Court.  *See* Civil L. R. 7-9(a).  However, for the

28   reasons explained below, the Court **DENIES** Plaintiff's motion for re-consideration.  This motion

2

1    is appropriate for resolution without oral argument.  *See* Local Civ. R. 7-1(b).

2    Plaintiff advances three arguments in support of reconsideration.  First, Plaintiff argues

3    that service of process was effective.  Second, Plaintiff argues that the Court improperly took

4    judicial notice of a disputed fact when it discredited the allegation that El Campesino was built

5    after 1993.  Third, Plaintiff argues that, even with respect to buildings existing before that time,

6    the Court erred in treating the question whether the removal of a barrier was "readily achievable"

7    as an element of the plaintiff's case-in-chief rather than the defendant's affirmative defense.  The

8    Court addresses each issue below.

9    A.    Adequacy of Service

10   Although Plaintiff correctly argues that a proof of service creates a presumption of proper

11   service, *see Floyevor Int'l, Ltd. v. Super. Ct.*, 59 Cal.App.4th 789, 795 (1997), such proofs of

12   service are most often executed contemporaneously or amended very shortly thereafter.  As the

13   Court previously noted, here, the amendment was made nearly a year after the purported service.

14   The amendment to the affidavit was conclusory: it merely identified John Doe as "a coworker and

15   person apparently in charge."  The lack of detail, particularly where the amendment was made a

16   year later, detracts from the declaration's credibility.  *Cf. Duran v. U.S. Bank Nat'l Assn.*, 59

17   Cal.4th 1, 56 (2014) (noting that "the credibility of declarations as to how much time an employee

18   spent on outside sales activity may depend on whether the employer or employee kept

19   contemporaneous records of his or her time").  It is difficult to believe that a professional process

20   server would, one year after the fact, recall specific details about John Doe's status at the May 23,

21   2017 encounter at El Campesino.  The evidence is insufficient to support a credible presumption

22   that John Doe was in fact "apparently in charge," or had a "relationship with [Defendants which]

23   makes it more likely than not that [he] deliver[ed] process to [Defendants]," *Bein v. Brechtel-*

24   *Jochim Grp., Inc.*, 6 Cal.App.4th 1387, 1393 (1992) (quotation and citation omitted).  Because

25   that showing was inadequate, it is irrelevant that Plaintiff also attempted to mail a copy.  *See* Cal.

26   Code Civ. Proc. § 415.20(b) (substitute service requires service on "a person apparently in charge

27   of his or her . . . place of business" and "*thereafter* mailing a copy of the summons and of the

28   complaint by first-class mail" (emphasis added)).

3

1    For these reasons, the Court declines to re-consider its prior holding as to the inadequacy

2    of service.  The Court notes that Plaintiff was not left without any other option.  The Court granted

3    Plaintiff leave to re-attempt service of the complaint, but Plaintiff opted not to do so.

4    B.    Judicial Notice of Pre-1993 Construction Date

5    Plaintiff also argues that he has stated a prima facie claim and thus it was erroneous for the

6    Court to decline default judgment.  One of the factors the Court may consider in evaluating

7    whether default judgment is warranted is the "sufficiency of the complaint."  *Eitel v. McCool*, 782

8    F.2d 1470, 1471 (9th Cir. 1986).  The Court "must take the well-pleaded factual allegations of [a

9    complaint] as true," but "necessary facts not contained in the pleadings, and claims which are

10   legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d

11   1261, 1267 (9th Cir. 1992).  Although failure to meet the Rule 12(b)(6) standard precludes entry

12   of default judgment under this *Eitel* factor, *see Cripps*, 980 F.2d at 1267, the inverse is not

13   necessarily true.  A complaint may satisfy Rule 12(b)(6) standards and thus be "sufficient," but

14   default judgment nevertheless may not be warranted.  Indeed, *Eitel* contemplates that the Court

15   may take into consideration other factors; the complaint's sufficiency is not dispositive.  *See Eitel*,

16   782 F.2d at 1471 (other factors include, *inter alia*, "the merits of plaintiff's substantive claim" and

17   "the possibility of a dispute concerning material facts").

18   Here, the Court credited Plaintiff's allegations that he was disabled and was denied equal

19   access to El Campesino, a public accommodation.  However, with respect to Plaintiff's alternative

20   theories of liability under the ADA, the Court did not credit Plaintiff's allegation that El

21   Campesino was built after 1993—such buildings are required to be "readily accessible to and

22   usable by individuals with disabilities" unless "an entity can demonstrate that it is structurally

23   impracticable to meet the requirements."  42 U.S.C. §§ 12183(a)(1).  Instead, the Court took

24   judicial notice of online City of Richmond county records indicating the building was constructed

25   in 1961.  Plaintiff argues that judicial notice was improper because the building date is "disputed"

26   insofar as Plaintiff had alleged it was built after 1993, and the website includes a disclaimer that

27   although the City of Richmond "makes every effort to produce and publish the most current and

28   accurate information possible," it makes "[n]o warranties" about the data.  Yet Plaintiff

4

1    acknowledges that "it may be true that the building was first constructed in 1961, [but] that is not a

2    fact that can be judicially noticed." Mot. at 15. Whether or not judicial notice was proper,

3    Plaintiff's argument highlights why default judgment on that claim was not warranted. Even on

4    this motion, Plaintiff does not deny the building was constructed in 1961. His allegation to the

5    contrary was merely a recitation of the elements of a claim under the ADA for newly constructed

6    buildings; he did not allege a specific construction date but merely said it was beyond the cut-off.

7    That kind of formulaic recitation, even if sufficient to survive review as an alternative theory on a

8    Rule 12(b)(6) motion, raises serious questions about "the merits of plaintiff's substantive claim"

9    and "the possibility of a dispute concerning material facts," both factors weighing against a grant

10    of default judgment for the aforementioned reasons. *Eitel*, 782 F.2d at 1741.

11    Thus, even if the Court does not take judicial notice of the 1961 construction date,

12    Plaintiff's conclusory, alternative allegation that El Campesino was built after 1993 is not enough

13    to persuade the Court on the merits of Plaintiff's claim or to eliminate the likelihood of a material

14    dispute—indeed, such a dispute is very likely where Plaintiff's allegation contradicts county

15    records. The Court therefore declines to reconsider its holding with respect to this issue.

16    C.    "Readily Achievable"

17    Finally, Plaintiff argues that the Court improperly held him to a summary judgment or trial

18    standard of producing evidence that the removal of the barriers was "readily achievable," rather

19    than the motion to dismiss standard. Plaintiff also argues that the Court improperly placed the

20    burden on Plaintiff to state a case, whereas the Defendant should bear the burden as to whether an

21    alteration is "readily achievable."

22    As above, whether viewed as an issue going to the complaint's sufficiency or the merits of

23    Plaintiff's claim, Plaintiff's complaint conclusorily alleges that the modifications are "readily

24    achievable" without any supporting factual allegations whatsoever. It is impossible for the Court

25    to evaluate the merits of that assertion. Although the Ninth Circuit has yet to decide whether the

26    plaintiff or the defendant bears the burden of proof with regards to whether the removal of a

27    barrier is "readily achievable," most federal courts do characterize the "readily achievable" issue

28    as an affirmative defense, but they follow a burden-shifting framework established in *Colo. Cross*

5

1    *Disability Coal. v. Hermanson Family Ltd. P'ship*, 264 F.3d 999, 1002 (10th Cir. 2001), whereby

2    the plaintiff bears the initial burden of production but the defendant bears the ultimate burden of

3    persuasion.  *See*, *e.g.*, *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668 at *10 (N.D.

4    Cal. May 18, 2018) ("[A]lthough [plaintiff] has not identified a case where the Ninth Circuit

5    explicitly decided who has the burden of proving that removal of an architectural barrier is readily

6    achievable, the Court follows the district courts applying the *Colorado Cross* framework.").  The

7    Ninth Circuit has rejected the burden-shifting framework in the discrete context of historical

8    buildings.  *See Molski v. Foley Estates Vineyard & Winery, LLC*, 531 F.3d 1043, 1048 (9th Cir.

9    2008) (declining to follow *Colorado Cross* in this context of whether removal of a barrier is

10   achievable in historic facilities because "[b]y placing the burden of production on the defendant,

11   we place the burden on the party with the best access to information regarding the historical

12   significance of the building").  Judge Seeborg has extrapolated the principle in *Molski* to hold that

13   the defendant always bears both the initial burden of production and ultimate burden of persuasion

14   with respect to the "readily achievable" defense.  *See Rodriguez v. Barrita, Inc.*, No. C 09-04057

15   RS, 2012 WL 3538014, at *11 (N.D. Cal. Mar. 1, 2012) ("While it is true that [*Molski*] is, by its

16   terms, limited to cases where the historical exception is asserted, its concerns regarding the

17   availability of evidence have equal weight when defendant claims that remediation would be too

18   costly or impractical.  Defendants will usually be better positioned to assess both the special

19   logistical difficulties posed by construction and, given their knowledge of their own financial

20   circumstances, the relative expense associated with it.").  But several other courts in this circuit

21   continue to follow *Colorado Cross*.  *See*, *e.g.*, *Ridola*, *supra*; *Hernandez v. Polanco Enterprises,*

22   *Inc.*, 19 F.Supp.3d 918, 931 (N.D. Cal. 2013); *Rodgers v. Chevys Restaurants, LLC*, No. C13-

23   03923 HRL, 2015 WL 909763 (N.D. Cal. Feb. 24, 2015) (listing cases in the eastern, central, and

24   southern districts which also follow the burden-shifting approach).

25          Ultimately, whether the plaintiff or defendant bears the initial burden of production makes

26   no difference to whether default judgment is appropriate in this case.  Even those courts placing

27   the burden on the defendant recognize that '[w]hether a specific change is readily achievable 'is a

28   fact-intensive inquiry that will rarely be decided on summary judgment.'"  *Rodriguez*, 2012 WL

1    3538014, at *8 (citation omitted). That highlights why default judgment is inappropriate here.

2    Even if Plaintiff's claim is sufficient for Rule 12(b)(6) purposes, the allegations are so bare that

3    the Court is not persuaded about "the merits of plaintiff's substantive claim." *Eitel*, 782 F.2d at

4    1741. The question whether removal of a barrier is "readily achievable" requires consideration of

5    information like the nature of the costs, the financial resources of the facilities, the size of the

6    business, and so on, *see* 42 U.S.C. § 12181(9), and no such information has been alleged in the

7    complaint. The fact that "readily achievable" can rarely be decided on summary judgment

8    increases "the possibility of a dispute concerning material facts" here, particularly where no facts

9    related to the readily achievable defense are alleged. *Id.* Especially where Plaintiff seeks

10   injunctive relief, the lack of information—let alone recent information—raises serious concerns.[1]

11           Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration on this issue.

12                            **III.    CONCLUSION**

13           The Court recognizes that certain information about the "readily achievable" defense may

14   be in Defendants' exclusive possession. A plaintiff should not be precluded from obtaining relief

15   where a defendant has defaulted and thereby prevented the plaintiff from taking discovery to

16   establish the merits of his or her claim. However, as explained above, it is not clear that

17   Defendants have defaulted here; questions surrounding the adequacy of service merely reinforce

18   the Court's concern about entering judgment on a factually-complex issue. Furthermore, not *all*

19   information about the readily achievable defense is unavailable to Plaintiff. Plaintiff need not

20   allege specific engineering plans and details, but surely Plaintiff can obtain general information

21   about the type of modifications that could be pursued with a ball-park estimate of their costs in

22   analogous contexts. It is not uncommon for plaintiffs in ADA access cases to have an access

23   specialist. *See* General Order 56(3-5).

24           For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff

25   may file an amended complaint in line with the guidance above within 30 days. Within 60 days of

26

27   _____

     [1] The Clerk entered default in July 2017, Docket No. 9, but Plaintiff waited 5 months until
     December 2017 before moving for default judgment, Docket No. 10. A full year has passed since
28   default was entered, and over a year since Plaintiff's complaint was filed. As the Court previously
     noted, Plaintiff is unsure whether El Campesino continues to operate. *See* Docket No. 31 at 6-7.

filing, Plaintiff must serve the amended complaint on Defendants in compliance with Federal Rule of Civil Procedure 4, with a service package that includes a Spanish-language cover letter and the Spanish edition of the Court's Pro Se Litigation Handbook, in addition to other materials required by the local rules. Plaintiff is encouraged to attempt service on Defendants' residential address if it can be located through due diligence. If Defendants default, then Plaintiff may file a new motion for default judgment.

This order disposes of Docket No. 34. The motion hearing scheduled for August 9, 2018 is **VACATED**.


**IT IS SO ORDERED**.


Dated: August 1, 2018

_____
EDWARD M. CHEN
United States District Judge